UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNY L. JONES,

    Plaintiff,

vs.                                                     Case No. 3:22-cv-384-BJD-JBT

SGT. WALTER S. DELOACH,

    Defendant.
_____

## **ORDER**

### I. Status

Plaintiff Johnny L. Jones is proceeding pro se on an amended civil rights complaint (Amended Complaint) (Doc. 7) against Sgt. Walter S. DeLoach, an employee of the Florida Department of Corrections (DOC) at Suwannee Correctional Institution (SCI). Plaintiff claims the Defendant, in violation of the Eighth Amendment, used excessive and unnecessary force on January 10, 2022, slamming Plaintiff on his head and jumping on him for no reason while he was handcuffed behind his back. Amended Complaint at 3, 5. He seeks declaratory relief as well as compensatory and punitive damages. Id. at 5.

Defendant DeLoach filed a Motion to Dismiss Plaintiff's Amended Complaint (Motion) (Doc. 14). See Order (Doc. 8). Plaintiff responded (Response) (Doc. 15).

## II.  Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).  In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), however, "the allegations must state a claim for relief that is plausible, not merely possible."  Gill v. Judd, 941 F.3d 504, 511 (11th Cir. 2019) (citation omitted).

## III. Amended Complaint

In his Amended Complaint, Plaintiff alleges that on January 10, 2022, at approximately 1:33 p.m., he was handcuffed behind his back when the Defendant slammed him on his head and jumped on him for no reason.  (Doc. 7 at 5).  Plaintiff states the incident occurred at SCI at the Center Gate.  Id at

4. He avers that several witnesses witnessed the incident, and it was recorded on fixed-wing video equipment. Id. at 5. As for injuries, Plaintiff claims he suffered injuries to an already damaged shoulder and back and he suffered nerve damage, causing him to lose feeling in his legs. Id. He raises his claim of excessive and unnecessary force under the Eighth Amendment. Id. at 3.

### IV. Exhaustion

"[U]nder Federal Rule of Civil Procedure 12(g)(2), a defendant must raise the exhaustion defense in his first Rule 12 motion, otherwise the defense is forfeited and cannot be raised in a later motion under Rule 12." Brooks v. Warden, 706 F. App'x 965, 968 (11th Cir. 2017) (footnote omitted).[1] In his Motion, Defendant DeLoach contends Plaintiff failed to exhaust his administrative remedies pursuant to the requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Motion at 3-11.

In his original pro se complaint (Complaint) (Doc. 1), Plaintiff stated he filed an informal grievance to the warden, a formal grievance to the warden, and an appeal to the Secretary, who then sent the grievance to the DOC Inmate Bureau of Grievance. Complaint at 16. Plaintiff said he completed the

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

grievance process before filing his Complaint. Id. Attached to the Complaint is a January 25, 2022 Request for Administrative Remedy or Appeal addressed to the warden concerning Plaintiff's complaint that Sgt. DeLoach used unnecessary and excessive force on January 10, 2022. (Doc. 1-1 at 3, Formal Grievance Log Number 2201-231-086). On February 2, 2022, a grievance officer responded that the grievance was denied, while noting that Plaintiff allegations had previously been documented and reported to the appropriate OIC, as well as the Office of the Inspector General. Id. at 4. Plaintiff was advised that he could appeal. Id. On February 9, 2022, Plaintiff appealed to the Secretary. Id. at 2 (Formal Grievance Log Number 2201-231-086; Grievance Log Number 22-6-05351). On February 24, 2022, the Secretary's Representative responded:

> Your appeal has been reviewed and evaluated.
>
> The subject of your grievance is currently under review by the Departmental Staff. At the conclusion of that review appropriate and necessary action will be taken.
>
> As this process was initiated by the Department prior to the receipt of your grievance, your request for action by this office is denied.

Id. at 1 (Grievance Log Number 22-6-05351); (Doc. 14-2 at 60).

The Eleventh Circuit instructs,

> Deciding a motion to dismiss for failure to exhaust proceeds in two steps: first, looking to the defendant's motion and the plaintiff's response, the court assesses whether dismissal is proper even under the plaintiff's version of the facts; and second, if dismissal is inappropriate under the plaintiff's version of the facts, the court makes "specific findings in order to resolve the disputed factual issues related to exhaustion." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). The burden is on the defendant to show a failure to exhaust. Id. A prisoner must exhaust each claim that he seeks to present in court. See Jones,[2] 549 U.S. at 219–20, 127 S. Ct. 910 ("All agree that no unexhausted claim may be considered.").

Arias v. Perez, 758 F. App'x 878, 880 (11th Cir. 2019) (per curiam).

Defendant asserts, "it is clear [Plaintiff] was given responses *after* the IG's investigation had concluded." Motion at 10. As such, Defendant submits that, "[i]t was then that Plaintiff was afforded a full 15-days to appeal the responses he received upon conclusion of the investigation, however, Plaintiff declined to do so." Id. Upon careful review of all of the documents submitted to the Court it is anything but clear that Plaintiff was given responses *after* an investigation. Defendant has not provided the Court with a form or any other documents from the Office of the General Counsel Bureau of Policy Management and Inmate Appeals concerning Grievance Log Number 22-6-05351. In addition, Defendant has not provided the Court with any

---

[2] Jones v. Bock, 549 U.S. 199, 216 (2007).

documentation that this particular grievance was referred back to the warden for additional handling and action, nor has Defendant provided the Court with a document concerning Grievance Log Number 22-6-05351 that includes the warning that once a response is completed the inmate has the right to appeal to the Secretary within 15 days from the date of the institutional response. See e.g. (Doc. 14-2 at 27-29, Grievance Log Number 22-6-05355).[3]

Upon review, dismissal is not warranted at the first step. After considering Defendant's arguments and the exhibits presented, the Court makes findings of fact pursuant to the second step. To fully exhaust, Plaintiff was required to use the grievance procedure set forth in the Florida Administrative Code, Chapter 33-103. As noted above, the burden is on the defendant to show a failure to exhaust. Based on this record, it is not apparent to this Court that Plaintiff failed to exhaust his administrative remedies.

The Court has reviewed and considered all of the grievances and grievance responses before the Court and Defendant DeLoach has failed to meet his burden. Based on all reasonable inferences, Plaintiff has shown that he filed grievances concerning the alleged excessive and unnecessary use of force by Defendant DeLoach or fully exhausted this contention through

---

[3] Grievance Log Number 22-6-05355 concerns Plaintiff's grievance alleging an inadequate investigation for a disciplinary report. See Charging Disciplinary Report (Doc. 14-2 at 68).

6

available administrative remedies in compliance with the procedural rules of the FDOC. The Court concludes that the Motion for failure to exhaust administrative remedies is due to be denied.

## V. Abuse of Judicial Process

Defendant DeLoach urges this Court to dismiss the Amended Complaint for abuse of the judicial process because Plaintiff failed to reveal that he has been a plaintiff or petitioner in more than five filings in federal courts. Motion at 11-14. Defendant submits Exhibit C (Doc. 14-3) in support of this contention and lists eight federal cases.

This Court does not require a plaintiff to reveal prior habeas petitions on the form; therefore, Plaintiff will not be sanctioned for failure to reveal habeas petitions. Plaintiff was asked, "[h]ave you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?" Amended Complaint at 9. Plaintiff responded no. Id. at 10. However, in his original Complaint, he said: "I have filed another lawsuit concerning another incident but it was not for the same facts involved in the action at Suwannee C.I. Annex now being filed on." Id. at 18.

Upon review of Exhibit C, the only civil rights case listed that is one of Plaintiff's cases is case no. 5:19-cv-50-JLB-PRL and it concerns Plaintiff's conditions of confinement at Marion Correctional Institution. As Plaintiff referenced a prior, unrelated civil rights action in his original Complaint, the

7

Court does not find that he abused judicial process. As such, the Court will deny the Motion to Dismiss for abuse of the judicial process.

## VI. Eleventh Amendment Immunity

Insofar as Plaintiff may be seeking monetary damages from Defendant DeLoach in his official capacity, the Eleventh Amendment bars suit. Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curiam) (finding the Secretary of the Florida Department of Corrections immune from suit in his official capacity). Thus, Defendant's Motion is due to be granted as to any claim for monetary damages against Defendant DeLoach in his official capacity.

## VII. Declaratory Relief

Defendant DeLoach argues, to the extent Plaintiff is seeking declaratory relief, Plaintiff has no likelihood of success because he is seeking declaratory relief for past violations. Motion at 16. The practical effect of injunctive and declaratory relief is virtually identical. Prison Legal News v. Chapman, 44 F.Supp.3d 1289, 1310 (M.D. Ga. 2014). Plaintiff is currently confined at SCI; therefore, the Court is not convinced at this stage of the litigation that his request for declaratory relief in his section 1983 action fails to present a case or controversy. See Johnson v. Otto, No. 8:06-CV-960-T-30TBM, 2006 WL 3253622, at *5 (M.D. Fla. Nov. 8, 2006) (not reported in F.Supp.2d) (citing Spears v. Thigpen, 846 F.2d 1327, 1238 (11th Cir. 1989), Wahl v. McIver, 773

F.2d 1169, 1173 (11th Cir. 1985)) (once transferred, an inmate's request for injunctive and declaratory relief fails to present a case or controversy). As such, Plaintiff may have a legally cognizable interest in the outcome of the claim for declaratory relief. Therefore, Defendant's Motion is due to be denied regarding Plaintiff's claim for declaratory relief. Of note, Plaintiff does not seek injunctive relief in the Amended Complaint. See Motion at 16; Response at 5.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 14) is **GRANTED** to the extent that Plaintiff may be seeking monetary damages from Defendant DeLoach in his official capacity. In all other respects, Defendant's Motion to Dismiss (Doc. 14) is **DENIED**.

2. Defendant shall answer or otherwise respond to the Amended Complaint (Doc. 7) as to the remaining claims and causes of action by **July 24, 2023.**

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of May, 2023.

_____
BRIAN J. DAVIS
United States District Judge

sa 5/23
c:
Johnny L. Jones
Counsel of Record